IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>　　　Plaintiff<br><br>v.<br><br>THE ESTATE OF JAMES E. FROST, II by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; THE ESTATE OF BETH ELLEN FROST, by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; E.J.F., by and through her guardians Jack W. Dickey, III and Erin Dickey; WHITNEY FROST; JOYCE WATKINS; AND JAMES E. FROST,<br><br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CASE NO. 3:23-CV-00243 |

## ORIGINAL ANSWER OF DEFENDANTS
## JACK W. DICKEY III AND ERIN DICKEY

Jack W. Dickey III and Erin Dickey, in their capacity as joint managing conservators of E.J.F., and also in their capacity as Co-Independent Executors of the Estate of Beth Ellen Frost, Deceased, and also in their capacity as Co-Independent Executors of the Estate of James E. Frost, II (together, in all such capacities, the "Dickey Defendants") now file this Original Answer. This Original Answer also applies to any claims made or purportedly made against "The Estate of James E. Frost, II" or "The Estate of Beth Ellen Frost."

## I. RESPONSES TO ALLEGATIONS IN THE COMPLAINT IN INTERPLEADER

The Dickey Defendants respond to the allegations in Plaintiff PHL Variable Insurance Company's Complaint in Interpleader ("Complaint") as set out below. Paragraph numbers below refer to paragraphs in the Complaint.

1. <u>Paragraph 1</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 1, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

2. <u>Paragraph 2</u>. The Dickey Defendants admit the allegations in paragraph 2.

3. <u>Paragraph 3</u>. The Dickey Defendants admit the allegations in paragraph 3.

4. <u>Paragraph 4</u>. The Dickey Defendants admit the allegations in paragraph 4.

5. <u>Paragraph 5</u>. The Dickey Defendants admit the allegations in paragraph 5.

6. <u>Paragraph 6</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 6, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

7. <u>Paragraph 7</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 7, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

8. <u>Paragraph 8</u>. The Dickey Defendants admit the allegations in paragraph 8.

9. <u>Paragraph 9</u>. The Dickey Defendants admit the allegations in paragraph 9.

10. <u>Paragraph 10</u>. The Dickey Defendants admit the allegations in paragraph 10.

11. <u>Paragraph 11</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 11, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

12.     Paragraph 12. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 12, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

13.     Paragraph 13. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 13, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

14.     Paragraph 14. The Dickey Defendants deny that James made any valid or effective beneficiary change in favor of Whitney D. Frost or John W. Burns.  Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 14, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

15.     Paragraph 15. The Dickey Defendants deny that James made any valid or effective beneficiary change in favor of Whitney D. Frost or John W. Burns.  The Dickey Defendants admit that any change or purported change of beneficiary by James violated an applicable court order. Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 15, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

16.     Paragraph 16. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 16, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

17.     Paragraph 17. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 17, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

18. Paragraph 18. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 18, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

19. Paragraph 19. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 19, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

20. Paragraph 20. The Dickey Defendants deny that James made any valid or effective beneficiary change in favor of Whitney D. Frost or John W. Burns. The Dickey Defendants admit that any change or purported change of beneficiary by James violated an applicable court order. Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 20, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

21. Paragraph 21. The Dickey Defendants deny that James made any valid or effective beneficiary change in favor of Whitney D. Frost or John W. Burns. The Dickey Defendants admit that any change or purported change of beneficiary by James violated an applicable court order. Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 21, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

22. Paragraph 22. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 22, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

23. <u>Paragraph 23</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 23, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

24. <u>Paragraph 24</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 24, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

25. <u>Paragraph 25</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 25, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

26. <u>Paragraph 26</u>. The Dickey Defendants admit the allegations in paragraph 26.

27. <u>Paragraph 27</u>. The Dickey Defendants admit the allegations in paragraph 27.

28. <u>Paragraph 28</u>. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 28, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

29. <u>Paragraph 29</u>. The Dickey Defendants admit that the distribution of the Death Benefits may depend in part on whether the Death Benefits are community property. Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 29, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

30. <u>Paragraph 30</u>. The Dickey Defendants admit that the distribution of the Death Benefits may depend in part on whether the Death Benefits are community property. Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations

in paragraph 30, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

31. Paragraph 31. The Dickey Defendants admit the first sentence of this paragraph. Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 31, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure

32. Paragraph 32. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 32, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

33. Paragraph 33. This paragraph incorporates prior paragraphs, and the Dickey Defendants respond as set forth above.

34. Paragraph 34. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 34, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

35. Paragraph 35. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 35, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

36. Paragraph 36. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 36, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

37. Paragraph 37. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 37, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

38.     Paragraph 38. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 38, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

39.     Paragraph 39. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 39, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

40.     Paragraph 40. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 40, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

41.     Paragraph 41. This paragraph incorporates prior paragraphs, and the Dickey Defendants respond as set forth above.

42.     Paragraph 42. The Dickey Defendants admit that the court has been requested to enter a declaration of rights under the Texas Declaratory Judgments Act.

43.     Paragraph 43. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 43, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

44.     Paragraph 44. The Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 44, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

45.     Paragraph 45. The Dickey Defendants admit that there is a need for declaratory judgment as to the proper recipient of some or all of the Death Benefits. Otherwise, the Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in

paragraph 45, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

46. <u>Prayer for Relief</u>. Dickey Defendants lack sufficient information to form a belief about the truth of the allegations in the prayer for relief, and therefore the allegations are deemed denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

## II. <u>JURY DEMAND</u>

47. The Dickey Defendants demand a trial by jury on all issues so triable.

## III. <u>PRAYER</u>

48. The Dickey Defendants pray that the Court enter judgment in favor of the Dickey Defendants on all claims and issues in this case, and for such other and further relief to which the Dickey Defendants may be entitled, at law or in equity, including general relief.

Respectfully submitted,

<u>/s/ Price L. Johnson</u>
Price L. Johnson
State Bar No. 24002363
Price@JohnsonBusinessLaw.com
 Timothy Van Meir
State Bar No. 00794781
Tim@JohnsonBusinessLaw.com
Matthew A. Bourque
State Bar No. 24078245
Matt@JohnsonBusinessLaw.com
Emily K. Smith
State Bar No. 24093171
Emily@JohnsonBusinessLaw.com
**THE JOHNSON FIRM**
3001 Knox St., Suite 400
Dallas, Texas 75205-7309
Telephone: (214) 468-9000
Telecopier: (214) 468-9025

**Attorneys for the Dickey Defendants**

## Certificate of Service

On April 20, 2023 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

                                                  */s/ Timothy J. Van Meir*
                                                  Timothy J. Van Meir