IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY, § § § | |
| Plaintiff, § § | |
| v. § § | |
| THE ESTATE OF JAMES E. FROST, II by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; THE ESTATE OF BETH ELLEN FROST, by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; E.J.F., by and through her guardians Jack W. Dickey, III and Erin Dickey; WHITNEY FROST; JOYCE WATKINS; AND JAMES E. FROST. § § § § § § § § § § § § § § § | CASE NO. 3:23-CV-00243 |
| Defendants. § | |

**PLAINTIFF'S MOTION FOR INTERPLEADER RELIEF AND BRIEF IN SUPPORT**

Plaintiff PHL Variable Insurance Company ("PHL") files this Motion for Interpleader Relief and Brief in Support. For the reasons below, this Court should grant PHL's Motion for Interpleader Relief, award PHL its attorneys' fees, and dismiss PHL from this action.

**I. INTRODUCTION**

After receiving competing claims to the $500,000 death benefit due under life insurance policy number 40077937, the $500,000 death benefit due under life insurance policy number 40075389, and the $250,000 due under life insurance policy number 11210851 (collectively the "Policies" and the "Death Benefits"), PHL filed its Complaint in Interpleader against Defendants The Estate of James E. Frost, II, by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; The Estate of Beth Ellen Frost, by and through its Personal Representatives Jack

1

W. Dickey, III and Erin Dickey; E.J.F., by and through her guardians Jack W. Dickey, III and Erin Dickey; Whitney Frost; Joyce Watkins; and James E. Frost (collectively, the "Defendants"). *See* ECF No. 1. PHL's Complaint in Interpleader and Defendants' answers[1] confirm the existence of competing claims to the Death Benefits and potentially relevant legal issues stemming from the Decedents' divorce and the nature of their deaths creating the risk for potential or multiple liability for PHL. Accordingly and as further stated below, PHL should be awarded the interpleader relief requested herein.

## II. STATEMENT OF FACTS

On February 2, 2023, PHL initiated this action by filing a Complaint in Interpleader against Defendants due to competing claims made to the Death Benefits and/or due to legal uncertainty arising from beneficiary changes and/or attempts, Decedents' ongoing divorce proceeding at the time of their deaths, and implications of the Texas Insurance Code and Texas Estates Code given the murder/suicide that resulted in the Decedents' death. All Defendants, except for Joyce Watkins, have appeared and confirmed each of their respective claims to the Death Benefits. *See* ECF Nos. 6; 11.

## III. LEGAL STANDARD

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22. Federal districts courts have original jurisdiction over interpleader actions where the interpleader fund exceeds $500.00 and two or more adverse claimants to the benefits are of diverse citizenship. *See* 28 U.S.C. § 1335. The purpose of an interpleader action is "to shield a stakeholder . . . from liability when faced with the threat of multiple inconsistent claims

---

[1] *See* ECF Nos. 1; 6; 11.

to a single fund by allowing the stakeholder to tender that fund to the court in lieu of defending against multiple possible lawsuits." *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006). "An interpleader action allows the stakeholder to pay the money in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds." *Jackson Nat'l Life Ins. Co. v. Dobbins*, No. 3:16-CV-0854-D, 2016 WL 4268770, at *2 (N.D. Tex. Aug. 15, 2016).

"[A]s a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976). Fees may be awarded "when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). In addition, "[i]n any civil action of interpleader . . . under [28 U.S.C. § 1335], a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. Similarly, "a federal court in a Rule 22 interpleader proceeding may issue an injunction to restrain the parties from pursuing such issues in another federal court." *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998).

### IV. ARGUMENT AND AUTHORITIES

**A.     PHL is entitled to interpleader relief against Defendants based on competing claims to the Death Benefits.**

An interpleader action occurs in two stages. In the first stage, the Court determines whether interpleader is appropriate on the facts of the case. If so, the Court may then discharge the disinterested stakeholder, and the stakeholder does not participate in the remainder of the case. *See Provident Life & Accident Ins. Co. v. Cleveland*, No. 4:09-CV-643-Y, 2011 WL 13233336, at *1

3

(N.D. Tex. Apr. 29, 2011). Interpleader is appropriate if (1) the Court has jurisdiction over the action and the parties, (2) the stakeholder has a legitimate fear of multiple litigation or liability, and (3) the claims are adverse to the stake and to each other. *Id.* If the first-stage requirements are met, the Court proceeds to the second stage in which the Court adjudicates the adverse claims to the stake and distributes the stake as appropriate." *Id.*

As set forth more fully in the Complaint in Interpleader, PHL is a disinterested stakeholder subject to adverse competing claims to the Death Benefits and is exposed to multiple and/or inconsistent liabilities. Specifically, PHL is subject to competing claims to the Death Benefits arising from beneficiary changes and/or attempted beneficiary changes submitted to PHL. PHL is also subject to multiple and/or inconsistent liabilities due implications of the Texas Insurance Code and Texas Estates Code given the murder/suicide that resulted in the Decedents' death.[2] PHL should be discharged and dismissed with prejudice from this action, and Defendants should be required to litigate their competing claims to the Death Benefits. *See Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 195 (5th Cir. 2015) (quoting 28 U.S.C. § 2361) ("In an interpleader action, the district court 'may discharge the plaintiff from further liability.'"); *Matter of Bohart*, 743 F.2d 313, 325 (5th Cir. 1984) (quotations omitted) ("[I]nterpleader statutes and rules are liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."); *Mass. Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 637 (S.D. Tex. 2011) (dismissing with prejudice the interpleader plaintiff where it "paid the insurance proceeds into the court's registry, and it is no longer a necessary party"). Injunctive

---

[2] *See* Tex. Ins. Code Ann. § 1103.151 ("A beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured."); Tex. Estates Code Ann. § 121.151 (providing that "[i]f a husband and wife die leaving community property but neither survives the other by 120 hours, one-half of all community property shall be distributed as if the husband had survived, and the other one-half shall be distributed as if the wife had survived.")

relief is appropriate and necessary to protect PHL from multiple liability and inconsistent rulings with respect to the Death Benefits that are the subject of this interpleader action. *See* 28 U.S.C. § 2361 ("[U]nder [28 U.S.C. § 1335], a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."); *Auto Parts Mfg. Miss.*, 782 F.3d at 192 ("A permanent injunction is necessary to give meaning to the plaintiff's discharge and to encourage interpleader actions."); *New York Life Ins. Co.*, 142 F.3d at 879 ("[A] federal court in a Rule 22 interpleader proceeding may issue an injunction to restrain the parties from pursuing such issues in another federal court.").

**B.    PHL should be awarded its attorneys' fees and costs.**

"It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions." *Corrigan Dispatch Co. v. Casa Guzman*, S.A., 696 F.2d 359, 364 (5th Cir. 1983). In so doing, courts consider the following factors: "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *See Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009). Consideration of the applicable factors demonstrates that PHL should be awarded its reasonable attorneys' fees and costs incurred in instituting this interpleader action, as set forth in the Affidavit of C. Summer Simmons, attached as Exhibit 1.

First, this interpleader required substantial factual investigation and legal analysis, in light of the numerous beneficiary designations submitted to PHL, the Decedents' ongoing divorce proceeding at the time of their deaths, and implications of the Texas Insurance Code and Texas

Estates Code given the murder/suicide that resulted in the Decedents' death.[3] PHL was first notified of the competing claims on December 16, 2022 when it received a demand letter sent on Whitney Frost's behalf. Since then, PHL attempted to facilitate resolution of the competing claims before instituting this proceeding. After filing this proceeding, PHL further attempted to minimize the legal expense and costs required to resolve this matter by proposing and drafting a disputed funds agreement. The agreement would permit PHL to hold the Death Benefits pending settlement discussions between the Defendants. PHL circulated the agreement to counsel on April 6, 2023. Although Defendants were in agreement with PHL's proposed plan, counsel for The Estate of James E. Frost, II, by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; The Estate of Beth Ellen Frost, by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; E.J.F. did not provide comments to the agreement until May 22, 2023. To date, counsel for Whitney Frost and James E. Frost has not provided comments or proposed revisions, necessitating this Motion.

Second, PHL acted in good faith and with diligence in instituting this interpleader action after receipt of competing claims to which resolution could not be achieved. PHL thoroughly investigated the facts and circumstances and attempted to achieve amicable resolution. Although PHL attempted to resolve this matter without the necessity of litigation, Defendants continued to assert competing claims and resolution could not be reached. In light of the competing claims and legal issues, PHL diligently and in good faith commenced this interpleader action to allow the Court to resolve the competing claims to the Death Benefits and to protect itself from potential multiple liabilities. At all times, PHL acted in good faith and with diligence in investigating and addressing the complex factual circumstances and legal concerns.

---

[3] *See* Tex. Ins. Code Ann. § 1103.151; Tex. Estates Code Ann. § 121.151.

Third, the services rendered benefited PHL by protecting PHL from liability when faced with the threat of multiple competing claims to the Death Benefits and requiring the Defendants to litigate between themselves their entitlement to the funds. Accordingly, PHL should be awarded its attorneys' fees incurred in implementing interpleader proceeding needed to resolve competing claims to the Death Benefits.

## V. CONCLUSION

Because PHL is a disinterested, innocent stakeholder and has established its rights to interpleader relief, PHL respectfully requests that the Court enter an order granting PHL's Motion for Interpleader Relief and order that:

a. Defendants are enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court, including this Court, either at law or in equity, against PHL or its affiliates and agents arising out of or relating to the Policies and/or the Death Benefits;

b. PHL shall deposit the Death Benefits into the Registry of the Court;

c. PHL and its affiliates and agents should be fully and finally discharged from any further liability, whether to Defendants or otherwise, arising out of or relating to the Policies and/or the Death Benefits;

d. PHL is awarded its attorneys' fees in the amount of $14,164.20 and costs in the amount of $1,427.80, which are to be equally deducted from the Death Benefits before deposit into the Registry of the Court; and

e. Any and all claims, demands, debts, or causes of action arising out of or relating to the Policies and/or the Death Benefits that could have been asserted herein against PHL by Defendants should be dismissed with prejudice, and PHL should be dismissed with prejudice from this action.

Dated: May 24, 2023                                   Respectfully submitted,

                                                      MCDOWELL HETHERINGTON LLP


                                                      By: /s/ *C. Summer Simmons*
                                                           Andrew R. Kasner

        Texas Bar No. 24078770
        1001 Fannin Street, Suite 2700
        Houston, Texas 77002
        Telephone: (713) 337-5580
        Facsimile: (713) 337-8850
        andrew.kasner@mhllp.com

        C. Summer Simmons
        Texas Bar No. 24088574
        1000 Ballpark Way, Suite 209
        Arlington, Texas 76011
        Telephone: (817) 635-7300
        Facsimile: (817) 635-7308
        summer.simmons@mhllp.com

        ***Attorneys for Plaintiff PHL Variable Insurance Company***

## CERTIFICATE OF CONFERENCE

      I hereby certify that on May 22, 2023 I conferred with counsel for The Estate of James E. Frost, II, by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; The Estate of Beth Ellen Frost, by and through its Personal Representatives Jack W. Dickey, III and Erin Dickey; E.J.F., by and through her guardians Jack W. Dickey, III and Erin Dickey and counsel indicated his clients are opposed to the relief sought in this motion.

      I hereby certify that on May 22, 2023, I emailed counsel for Whitney Frost and James E. Frost to confer regarding this motion. Counsel did not respond. On May 23, 2023, I called counsel Whitney Frost and James E. Frost to confer regarding this motion and left a message. On May 24, 2023, I called counsel Whitney Frost and James E. Frost to confer regarding this motion and left a message. As of this filing, counsel has not returned my calls or responded to my email.

        */s/ C. Summer Simmons*
        C. Summer Simmons

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on May 24, 2023, on the following counsel of record by CM/ECF:

| | |
|---|---|
| Matthew Alen Bourque | Darrell W. Cook |
| Price L. Johnson | Stephen W. Davis |
| Emily K. Smith | COOK KEITH & DAVIS |
| Timothy J. Van Meir | 6688 N. Central Expressway, Ste. 1000 |
| THE JOHNSON FIRM | Dallas, TX 75206 |
| 3001 Knox St., Ste. 400 | dwcook@cookkeithdavis.com |
| Dallas, TX 75205 | stephen@attorneycook.com |
| matt@johnsonbusinesslaw.com | |
| price@johnsonbusinesslaw.com | |
| tim@johnsonbusinesslaw.com | |

                                            */s/ C. Summer Simmons*
                                            C. Summer Simmons